UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYRELL WAYNE JONES,<br><br>Plaintiff,<br><br>v.<br><br>BOULDEN, et al.,<br><br>Defendants. | Case No. 24-cv-00191-JST<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>Re: ECF No. 1 |

Plaintiff, an inmate currently housed at Salinas Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events that happened at Martinez Detention Facility, where he was previously housed. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint. ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the Contra Costa County Sheriff's Department, deputies Cooper, Boulden, Krosten, Layrana, Rice and Cowan, Chaplain Lance, Sergeant Lee, Contra Costa County Sheriff David Livingston, Cook Jose, Cook Alma, and Martinez Detention Facility Medical. ECF No. 1 at 1-2.

The complaint makes the following allegations.

On October 16, 2023, Plaintiff was transferred out of the custody of the California Department of Corrections and Rehabilitations ("CDCR") into the custody of the Contra Costa County Sheriff's Department so that he could attend resentencing proceedings. He was transferred from Salinas Valley State Prison ("SVSP") to Martinez Detention Facility ("MDF").

Plaintiff is Muslim. As part of his religion, Plaintiff wears a kufi (Islamic headwear for men), eats a religious diet, and carries dikir prayer beads which he uses during his mandatory daily prayers. However, upon his arrival at MDF, Defendant Boulden started to harass Plaintiff about his kufi and forced Plaintiff to remove the kufi multiple times; Defendant Lance refused to place Plaintiff on a religious diet and forced him to eat foods that violated his religious beliefs; and Defendant Boulden took away Plaintiff's dikir prayer beads. Plaintiff filed an administrative grievance regarding the confiscation of his prayer beads, and Defendant Lee told him that only the

chaplain could approve his beads. Plaintiff asked Defendant Chaplain Lance if he could approve Plaintiff's prayer beads or give him his prayer beads out of his property, and Defendant Lance refused. When asked for the basis for the refusal, Defendant Lance stated that all Muslims are crazy and that Plaintiff would use his beads as a weapon. Plaintiff responded that Muslims are peaceful and don't believe in violence. Defendant Lance responded that all Muslims do is rape and kill women, and that she saw this on Fox News and would die before giving Plaintiff his prayer beads. On December 18, 2023, Plaintiff was not released from his cell for his scheduled out-of-cell time. When he informed Defendant Krosten that he had not been let out of his cell as scheduled, Defendant Krosten said that he would check the computer but then asked Plaintiff about his headgear and whether Plaintiff was Muslim. Plaintiff responded that he was Muslim. Plaintiff was ultimately not allowed out of his cell, and he suspects that it was because of his religious beliefs. Plaintiff has also been denied the ability to keep himself clean and groomed, as required by his religion. Defendant Cowan denied Plaintiff's request for head shavers to keep himself groomed in accordance with his religion. When Plaintiff explained the religious need to keep himself groomed in case he met his maker, Defendant Cowan laughed and stated that he guessed that Plaintiff wouldn't be getting any virgins. On December 14, 2023, Defendant Cooper entered Plaintiff's cell while he was not there and confiscated Plaintiff's kufi and did not inform Plaintiff or report the confiscation. Two weeks later, Defendant Cooper made a snide remark about the kufi looking like a condom. On December 20, 2023, deputy Yusfi refused to accept any of Plaintiff's grievances, stating "Ain't you that fucking raghead Muslim, that tried to kill a cop." Plaintiff responded, "My name is Jones." Deputy Yusfi stated, "Yeah, that's you. You ain't got shit coming from me!"

During the intake process, Plaintiff was seen by nursing staff in an open area where multiple inmates and staff were present. His medical issues, such as his hepatitis status, kidney failure, diabetes, and high blood pressure, were openly discussed without regard to his HIPAA rights and his right to privacy. Plaintiff requested a religious diet, and both Nurse Patrick and Dr. Standish told Plaintiff that he would be placed on a medical diet due to his high blood pressure and diabetes, and that medical concerns superseded religious requests.

3

1   As of December 20, 2023, Plaintiff was still receiving the medical diet prescribed by Dr.
2   Standish. On November 14, 2023, Defendants Cooks Jose and Alma refused to send him the
3   proper food for his medical diet. That same day, Defendant Jose sent Plaintiff a lunch with peanut
4   butter, to which Plaintiff is allergic. When Plaintiff told Defendant Rice to provide him a
5   replacement meal, Defendant Jose sent up sunflower butter, but the package clearly stated that the
6   sunflower butter could contain peanut butter because it was packaged in a facility that also
7   prepared peanut butter. When Plaintiff asked Defendant Rice for the names of the cooks,
8   Defendant Rice refused to provide the names, stating that these cooks also prepared Defendant
9   Rice's meals. Plaintiff did not receive any lunch that day. At dinner, Defendant Alma sent up
10  sunflower butter for Plaintiff's dinner and when asked to provide a replacement, then sent Plaintiff
11  peanut butter. Plaintiff did not receive dinner because, at that time, he was attempting a hunger
12  strike in an attempt to get a religious diet. Plaintiff did not receive anything to eat until 24 hours
13  later.

Plaintiff believes that the above mistreatment is due to his being Muslim and his past actions against law enforcement.

The complaint requests the following relief: damages of $500,000 plus $1,000 per day that he was forced to forgo a religious diet; an order requiring all deputies to be "retrained to understand other cultures"; that the existing injunction against Martinez Detention Facility Medical be strengthened; and damages of $300,000 from Martinez Detention Facility Medical for the violation of his HIPAA rights.

**C.     Ordering Partial Service; Dismissing Certain Claims and Defendants**

The following allegations in the complaint state a cognizable claim for denial of Plaintiff's First Amendment right to free exercise of religion: due to Defendant Boulden's harassment, Plaintiff was required to remove his kufi multiple times; Defendant Boulden took away Plaintiff's prayer beads; Defendant Lance refused to allow Plaintiff to possess prayer beads on the grounds that all Muslims are crazy and that Plaintiff would use his prayer beads as a weapon; Defendant Cowan refused Plaintiff's request for head shavers to keep himself groomed as required by his religion; and Defendant Cooper confiscated Plaintiff's kufi. *See Shakur v. Schriro*, 514 F.3d 878,

4

883-84 (9th Cir. 2008) (for prisoner to establish free exercise violation, he must show that prison regulation or official burdened practice of religion without any justification reasonably related to legitimate penological interests).

The remaining claims and defendants will be dismissed for the following reasons.

First, the majority of Plaintiff's remaining claims should be brought in a separate action because their inclusion in this action violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court has found that the complaint's allegations that Defendants Boulden, Lance, Cowan, and Cooper violated Plaintiff's First Amendment right to free exercise of religion when they denied him items he needed to observe his religion (his prayer beads, his kufi, and a head shaver). However, the claims against MDF medical staff for violating his right to privacy, and against Defendants Jose and Alma for serving him meals with peanut butter or with items prepared in a facility where peanut butter foodstuffs are also packaged, despite his known allergy to peanut butter arise out of separate occurrences as the occurrences underlying the First Amendment free exercise claim, and do not share questions of law or fact common to the First Amendment free exercise claim. Plaintiff's conclusory statement that all the mistreatment he has suffered at MDF is due to being Muslim and his past actions against law enforcement is insufficient to link the claims regarding privacy and being served foods to which he is allergic to the denial of the items he requires to observe his religious beliefs. With respect to the incidents underlying the First Amendment free exercise claim, the complaint alleges that these defendants either specifically referenced Plaintiff's religion when they denied him the items he needed to practice his religious beliefs or denied him something that he required to observe his religion. With respect to the incidents underlying Plaintiff's claims regarding privacy

5

and being served foods to which he is allergic, these incidents were not accompanied by any comment or reference to his religious beliefs or his past actions against law enforcement, and these incidents did not result in a denial of his ability to observe his religious practices. In this action, Plaintiff may only pursue relief for acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. To seek relief for claims arising out of other incidents or raising different questions of law, Plaintiff must bring separate actions. If Plaintiff wishes to seek relief for the alleged violations of his right to privacy, and for being served food stuffs to which he was allergic, he must bring these claims in separate actions. The Clerk is directed to send Plaintiff two copies of the Court's *pro se* civil rights complaint form in case he wishes to pursue these claims.

Second, there is no private right of action to enforce HIPAA or seek relief for HIPAA violations. *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007). Plaintiff's HIPAA claim is therefore DISMISSED with prejudice.

Third, Plaintiff has not stated a First Amendment free exercise claim with respect to his claim that he has been denied a religious diet. For a prisoner to establish a free exercise violation, he must show that prison regulation or official burdened practice of religion without any justification reasonably related to legitimate penological interests. *See Shakur*, 514 F.3d at 883-84. According to the complaint, Plaintiff was denied a religious diet because it conflicted with his medical needs. Protecting inmate health is a legitimate penological goal. *Funtanilla v. Campbell*, 95 F.3d 1157 (9th Cir. 1996) ("Preventing disease and protecting the health of visitors and inmates are unquestionably legitimate penological goals."). However, Plaintiff is granted leave to amend his claim regarding the denial of a religious diet if he can allege facts indicating that the denial was not reasonably related to legitimate penological interests.

Fourth, Plaintiff has not made any allegations regarding deputy Layrana or Contra Costa County Sheriff David Livingston. To the extent that Plaintiff is seeking to sue Defendant Livingston because of his position supervising the Martinez Detention Facility, Plaintiff is advised as follows. Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v.*

6

*Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Similarly, conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018). The Court dismisses deputy Layrana or Contra Costa County Sheriff David Livingston from this action, but grants Plaintiff leave to amend his claims against them.

Fifth, the allegations against Defendants Sergeant Lee, deputy Krosten, and deputy Rice fail to state a cognizable Section 1983 claim.

The complaint alleges that Defendant Lee reviewed Plaintiff's grievance regarding the confiscation of his prayer beads. A prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

The complaint alleges that Defendant Krosten refused to release Plaintiff for his out-of-cell time, and that Plaintiff believes that this was because Plaintiff is Muslim. However, the lack of out-of-cell time did not burden Plaintiff's religious practice, as is required to state a First Amendment free exercise claim.

The complaint alleges that Defendant Rice refused to provide Plaintiff with the names of the cooks who had sent him the peanut butter and sunflower butter meals. It is unclear what constitutional provision was violated by this refusal.

7

1    In summary, the complaint states a cognizable First Amendment free exercise claim
2 against Defendants Boulden, Lance, Cowan, and Cooper. The Court DISMISSES the claims
3 against Martinez Detention Facility Medical regarding violation of his right to privacy, and
4 DISMISSES the claims against Defendants Jose and Alma regarding serving him meals with
5 peanut butter and sunflower butter, without prejudice to bringing these claims in separate actions.
6 The Court DISMISSES the HIPAA claim with prejudice. The Court DISMISSES Defendants
7 Livingston and Layrana from this action because no claims have been made against them, but
8 GRANTS Plaintiff leave to amend his claims against them. The Court DISMISSES the claim
9 regarding the denial of a religious diet with leave to amend. The Court DISMISSES Defendants
10 Krosten, Rice, and Lee from this action because Plaintiff has not stated a cognizable claim against
11 them, but GRANTS Plaintiff leave to amend his claims against them.

**D.     Request for Appointment of Counsel and to Proceed Before a Magistrate Judge**

Plaintiff has requested that the Court appoint him counsel "so that [he] may receive justice" and "because [Martinez Detention Facility] and its medical [staff] is [sic] currently under an injunction filed by the Prison Law Office of San Quentin." ECF No. 1 at 3, 8. Plaintiff's request for appointment of counsel is DENIED for lack of exceptional circumstances. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Plaintiff has ably articulated his claims thus far, and the likelihood of Plaintiff's success on the merits is unclear at this stage of the litigation. The Court presumes that Plaintiff is arguing that the fact that the Martinez Detention Facility and its medical staff are subject to an injunction or consent decree indicates that he is likely to succeed on his claims. However, Plaintiff has not

specified what the injunctive relief requires of Martinez Detention Facility or its medical staff, so it is unclear if the injunctive relief has any bearing on the claims raised in this action. Also, the Court has dismissed the claims against Martinez Detention Facility's medical staff from this action. Finally, to the extent that any of the named defendants' actions or inactions are violating an injunction or consent decree, relief for the violation must be sought in the action in which the injunction or consent decree was entered. The Court therefore DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. ECF No. 1 at 3, 8. This denial is without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require, i.e., if this case proceeds to trial.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES Plaintiff's request for appointment of counsel. ECF No. 1, at 3, 8.

2. Liberally construed, the complaint states a cognizable First Amendment free exercise claim against Defendants Boulden, Lance, Cowan, and Cooper.

3. The Court DISMISSES the claims against Martinez Detention Facility Medical regarding violation of Plaintiff's the right to privacy, and DISMISSES the claims against Defendants Jose and Alma regarding serving him meals with peanut butter and sunflower butter, without prejudice to bringing these claims in separate actions. The Clerk is directed to send Plaintiff two copies of the Court's *pro se* civil rights complaint form in case he wishes to pursue these claims.

4. The Court DISMISSES with prejudice Plaintiff's HIPAA claim.

5. The Court DISMISSES Defendants Livingston and Layrana from this action because no claims have been made against them, but GRANTS Plaintiff leave to amend his claims against them. The Court DISMISSES the claim regarding the denial of a religious diet with leave to amend. The Court DISMISSES Defendants Krosten, Rice, and Lee from this action because Plaintiff has not stated a cognizable claim against them, but GRANTS Plaintiff leave to amend his claims against them. If Plaintiff wishes to file an amended complaint that addresses the

9

1    deficiencies identified above, he shall his amended complaint within twenty-eight (28) days of the
2    date of this order.  The amended complaint must include the caption and civil case number used in
3    this order, Case No. C 24-0191 JST (PR) and the words "AMENDED COMPLAINT" on the first
4    page.  If using the court form complaint, Plaintiff must answer all the questions on the form in
5    order for the action to proceed.  An amended complaint completely replaces the previous
6    complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly,
7    Plaintiff must include in his amended complaint all the claims he wishes to present and all of the
8    defendants he wishes to sue, including the claim(s) found cognizable above and the defendant(s)
9    served below.  Plaintiff may not incorporate material from the prior complaints by reference.
10   Failure to file an amended complaint in accordance with this order in the time provided will result
11   in ECF No. 1 remaining the operative complaint and this action proceeding solely on the claim(s)
12   found cognizable above and against the defendant(s) ordered served below.  The Clerk shall
13   include two copies of the court's complaint form with a copy of this order to Plaintiff.

14         6.     The Clerk shall issue summons and the United States Marshal shall serve, without
15   prepayment of fees, a copy of the operative complaint (ECF No. 20), with all attachments thereto,
16   and a copy of this order upon **Defendants Martinez County Jail correctional officials deputy**
17   **Boulden, Chaplain Lance, deputy Cowan, and deputy Cooper at Martinez Detention Facility**
18   **at 901 Court Street, Martinez, CA 94553.**  A courtesy copy of the operative complaint with
19   attachments and this order shall also be mailed to the Contra Costa County Counsel, at 1025
20   Escobar Street, 3rd Floor, Martinez, CA 94553.

21         7.     In order to expedite the resolution of this case, the Court orders as follows:
22         a.     No later than 91 days from the date this order is filed, Defendants must file
23   and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the
24   opinion that this case cannot be resolved by summary judgment, Defendants must so inform the
25   Court prior to the date the motion is due.  A motion for summary judgment also must be
26   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
27   is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
28

10

2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

8.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

11

1 | not excuse defendant's obligation to serve said notice again concurrently with a motion for
2 | summary judgment. *Woods*, 684 F.3d at 939).

3 |    9. All communications by Plaintiff with the Court must be served on Defendants'
counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

   10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   11. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

   12. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

   13. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 13, 2024



_____
JON S. TIGAR
United States District Judge